(C. D. 300)

PLASTIC NOVELTIES, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 15, 1940)

*Siegel & Mandell* (*Joshua Davidson* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced as "blades for pencil sharping (knives)." Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 20 per centum ad valorem under the provision in paragraph 356 of said act for "all other cutting knives and blades used in power or hand machines."

Samples of the imported merchandise are in evidence herein as Collective Exhibit 1. The plaintiff also offered the testimony of two witnesses. The Government offered no evidence.

The first witness, Albert Shaffer, secretary and treasurer of the plaintiff-corporation, after identifying Collective Exhibit 1, testified that his company was engaged in the manufacture of plastic novelties, chiefly pocket pencil sharpeners made of plastic materials.

The witness then produced a sample of a small piece of plastic material finished in the shape of a dog, on one side of which was a groove. This sample was admitted in evidence as Illustrative Exhibit A, and a similar article with a blade attached to the groove by means of a screw was admitted in evidence as Illustrative Exhibit B. The latter the witness described as a complete pencil sharpener.

The plaintiff's second witness, Joseph Rose, president of the plaintiff-corporation and a qualified mechanical engineer, testified that he was familiar with the operation of the pencil sharpener represented by Illustrative Exhibit B; that the basis of its operation was the application of muscular energy to a pencil causing it to rotate in the hole of the sharpener thereby meeting with resistance the cutting edge of the blade which in turn overcomes the resistance and cuts a slice off of the pencil wood in such a manner as finally to leave a pointed end on the pencil.

Counsel for the plaintiff then asked the witness to state his understanding of the term machine, which question, together with others along the same line, was objected to by counsel for the Government and the objections sustained by the court.

On cross-examination the witness testified that he made no distinction between a machine and a tool; that in his opinion a chisel or a hammer was a machine inasmuch as each possessed the underlying basis of all machines, to wit, the capacity to transfer energy, muscular or otherwise.

Upon this record counsel for the plaintiff seriously contend that the article represented by Illustrative Exhibit B is a hand-power machine within the meaning of paragraph 356, and that therefore the imported

blades are *eo nomine* provided for therein under the provision for "all other cutting knives or blades used in power or hand machines." In support of such contention they cite certain dictionary definitions and decisions of the United States Court of Customs and Patent Appeals. But in our opinion neither said definitions nor decisions are applicable to the instant merchandise.

As early as 1925, in the case of *Haber Brothers* v. *United States*, Abstract 49991, 48 Treas. Dec. 654, this court had before it the question of the dutiable classification of certain lead pencil sharpeners consisting of a piece of metal not over 1 inch in length with a circular opening at one end sufficiently large to admit the end of a lead pencil, and with a narrow slit in the side to which was fastened a small knife blade, the lead pencil being sharpened as in the instant case by merely turning the article a few times thus bringing the blade in contact with the lead pencil. In that case we held that while the article in question might possibly be designated as a tool, it certainly was not a machine in the tariff sense of the term.

In *United States* v. *Wm. Goldenblum & Co.*, 18 C. C. P. A. 367, T. D. 44616, the United States Court of Customs and Patent Appeals had before it the question of the tariff classification of certain carpenters' braces, some with and some without ratchet attachments, used for boring holes in metal or wood by means of bits or drills affixed to one end of the braces and operated entirely by hand power. In holding such articles to be tools and not machines, and therefore properly dutiable as manufactures of metal under paragraph 399 of the Tariff Act of 1922 as classified by the collector, the appellate court said:

> * * * If it is proper to hold that the imported articles utilize, apply, or modify energy or force, or that they are mechanical contrivances for the transmission of motion, within the meaning of the definition announced by this court in the *Simon, Buhler & Baumann* case, then every tool, no matter how simple, is a machine within that definition. In the same sense, although possibly to a different degree, lead pencils, penholders, knives, forks, spoons, golf clubs, tennis rackets, baseball bats, screw drivers, hammers, chisels, and a multitude of other articles utilize, apply, or modify energy or force, or transmit motion and, accordingly, if the involved articles are machines in a tariff sense, would be included within the provision for machines and, unless more specifically provided for elsewhere, would be dutiable thereunder. *Obviously, a holding that the involved articles are machines for tariff purposes would result in reducing the definition of machines to an absurdity.* * * * [Italics ours.]

If, therefore, the carpenters' braces above mentioned, the mechanism of which was comparatively much more complex in construction than that in the pencil sharpeners herein referred to, were merely tools and not machines, then *a fortiori* the same is doubly true of said pencil sharpeners of which the imported blades are parts.

All claims of the plaintiff are therefore overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.